WINANS V. GRABLE.

1. Under either the statute of Nebraska or Rev. Pol. Code 1903, § 702, giving an attorney a lien for compensation on any papers of his client which have come into his hands in the course of professional employment, an attorney, in order to establish a lien on securities which have come into his possession, must show that he obtained possession in the course of his professional employment.

2. An attorney, on surrendering securities of an insolvent bank to the receiver thereof, claimed a lien thereon for professional services, but he neglected to present his claim. The receiver settled the affairs of the bank, and made his report, which was confirmed by the court, and obtained his discharge. After more than three years from the appointment of the receiver the attorney presented his claim for compensation, and asserted his right to a lien. Held, that he had lost his lien, and was not entitled to the setting aside of the order discharging the receiver.

3. In the absence of pleadings or findings of fact, the Supreme Court cannot reverse a judgment.

4. The setting aside of a judgment by the trial court subsequent to the tak-

ing of an appeal from the judgment cannot affect the decision of the Supreme Court.  ·

(Opinion filed June 11, 1904.)

Appeal from circuit court, Fall River county; Hon. LEVI McGEE, Judge.

Action by W. C. Winans against Francis C. Grable, as First Bank of Edgemont, in which Wilbert·W. Stewart was appointed receiver of defendant.   From a judgment granting insufficient relief, and from an order refusing to vacate the order discharging the receiver, Allen G. Fisher, a claimant, appeals. Affirmed.

*Allen G. Fisher* and *McLaughlin & McLaughlin,* for appellant.

*G. M. Cleveland,* for respondents.                  :   ·

CORSON, P. J.   This is an appeal from a judgment entered in favor of the appellant on the 7th day of July, 1903, and from an order made on the 20th day of April, 1903, refusing to vacate and set aside an order discharging the receiver and refusing to allow the application of said Allen G. Fisher, claimant and appellant, for an order making his judgment a preferred claim to the extent of $4,000, and directing its payment out of the assets of the defendant bank.   It appears from the record that in February, 1898, the plaintiff, Winans, instituted an action against the First Bank of Edgemont, alleging its insolvency, and praying for the appointment of a receiver.   The court appointed as receiver Wilbert W. Stewart, who gave bond and entered upon the discharge of his duty as such receiver.   Upon making an examination of the bank, its assets seemed to have been removed therefrom, and thereupon a criminal action was instituted against the officers of the bank,

charging them with the embezzlement of the funds of the bank. While that prosecution was proceeding, the appellant, who was the attorney for the bank, consented to return and place in the hands of the receiver the notes and other securities belonging to the bank, and the prosecution against the officers of the bank was discontinued. The appellant was not made a party to that action, and neither filed any claim against the bank with the receiver nor gave the receiver notice of any claim, except in the following manner: When the appellant delivered to the receiver the notes and securities held by him belonging to the bank, a list of the same was made out, and to the list was annexed the following receipt: "In the Circuit Court of Fall River County, South Dakota. W. C. Winans, Plaintiff, vs. First Bank of Edgemont, Defendant. March 1st, 1898, pursuant to order of court herein as receiver of defendant, received from Allen G. Fisher, attorney for The First State Bank of Edgemont the following assets of said bank: * * And I also accept notice of attorney's lien as follows: 'To Francis C. Grable, Bank of Edgemont, First Bank of Edgemont, First State Bank of Edgemont, A. D. Clifton, Esq., Cashier, W. C. Winans, plaintiff, and Wilbert W. Stewart: You and each of you are hereby notified that I claim an attorney's lien upon the above described commercial paper, and each and every portion thereof for the sum of four thousand dollars for professional services rendered by me and to be rendered by me in and about this employment and for disbursements necessarily made by me in the same behalf. Allen G. Fisher.' The foregoing papers received March 1, 1898. Wilbert W. Stewart, By G. M. Cleveland, Attorney. E. S. Kelly." The affidavits used upon the motion to vacate and set aside the order dis-

charging the receiver and on the application of the appellant for an order making his said judgment a preferred claim are very voluminous and we shall not attempt to set them out in full, nor do more than to refer to them. It is quite clear from the affidavits made in resistance of the motion that neither the receiver nor his attorney had any actual knowledge of the appellant's claim until some time in the year 1901, long after the receiver had been discharged by the court. The receiver, Mr. Stewart, denies that he had any knowledge or notice of the claim, directly or indirectly. Mr. Cleveland, the attorney for the plaintiff, states in his affidavit that he signed Wilbert W. Stewart's name to the receipt by him as attorney without reading the same, supposing the receipt was merely for the assets of the bank as found and checked by Mr E. S. Kelly, with whom he left the list of the assets to be checked, and that he did not observe the purported notice made a part of the receipt. It further appears from the record that the appellant, on behalf of the bank, took an appeal from the order appointing the receiver, but the appeal was dismissed by F. M. Vroman, who subsequently appeared as attorney for the bank. The receiver filed his accounts in December, 1898, and they were approved with the consent of the said Vroman, the bank's attorney, and in 1901 an order was entered discharging the receiver. Nothing seems to have been done by appellant in regard to his claim between March 1, 1898, and November 11, 1901, when he served a notice of his claim upon the receiver, and thereupon he took no further steps until 1903, when he served a notice of the motion upon which the order was made appealed from. A judgment was subsequently rendered on the 7th day of July, 1903, in favor of the appellant and

against the defendant bank.     But this judgment was subsequenty set aside and vacated on August 1, 1903.

It is contended by the appellant that he never consented to any release of the said lien, and that it has never been released nor discharged in any manner, and that said lien was a first lien upon the entire assets of the defendant, and that it has never been paid or satisfied; that the receiver never gave notice of his proposed application to be discharged as such receiver; that the appellant never had any information or knowledge of the discharge of the said receiver until the summer of the year 1901; that the report of the said receiver was not correct, in that it suppressed the fact that he had knowledge of the claim of appellant; that the purported settlement made by the receiver with the creditors of the said bank was made in fraud of the right of the appellant.

Respondents contend, on the other hand: (1) That they never had any actual notice or knowledge of the appellant's claim; (2) that, if the appellant ever had any lien upon the assets of the bank, that lien was lost by delivering possession of the same to the receiver; (3) that an order discharging the receiver is not an appealable order; (4) that the settlement with creditors, having been made by consent of the attorney for the bank, was valid as against the appellant.

We are inclined to take the view that the respondents are right in their contention.    The appellant failed to show that he had any valid lien upon the notes and vouchers turned over by him to the receiver either under the statutes of Nebraska or the Code of this state.    It is provided by the statute of Nebraska that ''an attorney has a lien for a general balance of compensation upon any papers of his client which have come

into his possession in the course of his professional employment." And section 702 of the Revised Political Code of 1903 of this state provides: "An attorney has a lien for a general balance of compensation in and for each case upon (1) papers belonging to his client which have come into his hands in the course of professional employment in the case for which the lien is claimed." It will be noticed that under either statute it is necessary for the papers upon which the attorney claims a lien shall have come into his hands in the course of his professional employment. There was no evidence introduced by the appellant showing or tending to show that the assets of the bank came into his possession in the course of his professional employment. For what purpose the notes and securities of the bank were placed in his possession or came into his possession is left in doubt. The court was therefore clearly justified in denying appellant's application upon the ground that he had not shown facts sufficient to entitle him to a lien upon the assets delivered by him to the receiver. But, assuming that he had such a lien, it is quite clear that he lost the same by delivering the securities to the receiver and neglecting thereafter to present his claim to the receiver or the court, or making any claim therefor for more than three years after the receiver was appointed. The receiver and court had a right to presume from such delay in presenting his claim that the appellant had abandoned the same. He knew that the receiver had been appointed, and knew that it was his duty to proceed with reasonable diligence in settling up the affairs of the bank, yet for over three years and a half he presents no claim, and apparently waits until the receiver has settled up the affairs, made his report, which has been confirmed by the court, and

been discharged as such receiver, before taking any action in regard to his claim.   We are of the opinion, therefore, that the court was right in denying appellant's application or motion made after that long delay.

Again, it is doubtful if the order appealed from is an appealable order.   Mr. High, in speaking of receivers, says: "Being merely the officer or representative of the court, without personal interest or personal rights in the litigation, the right to discharge him rests with the court at any stage of the controversy, and from the exercise of this right he cannot appeal.  *  *  *  And because the appointment of the receiver determines no rights between the parties litigant, his position being merely that of the court, a party to the case cannot appeal from an order discharging the receiver."   Possibly, had the claim of appellant been rejected, an appeal would have been proper from the order rejecting the claim.   But where, as in the case at bar, the appellant has failed to present his claim to the receiver or court within a reasonable time, and before proceedings resulting in the appointment of a receiver have been concluded and the assets of the bank distributed to the creditors thereof, an appeal cannot be regarded with favor by this court.

So far as the appeal is taken from the judgment purporting to have been rendered by the court against the appellant denying him a lien upon the assets of the defendant bank, it may be su  cient to say that there are no pleadings or findings of fact before us upon which the judgment was based, and hence we could not, in any event, reverse the judgment.   The judgment seems to have been based upon a "complaint on claim" made in the form of an affidavit by the appellant against

Francis C. Grable, defendant, and as First Bank of Edgemont, and against Wilbert W. Stewart as receiver of the said defendant. It is recited in the judgment that:    ''The complaint on claim in this action having been personally served pursuant to the order of this court made April 20, 1903, on    ancis C. Grable, in the First Bank of Edgemont,  *  *  *    d on the plaintiff, and on Wilbert W. Stewart, receiver of the defendant, and no answer or demurrer to the complaint having been served upon Allen G. Fisher,  *  *  *  it is hereby considered, ordered, and adjudged by the court, on motion of the said Allen G. Fisher, claimant, that the said claimant have and recover of and from said Francis C. Grable and the First Bank of Edgemont the sum of $5,543 as adjudged, and $17, his costs and disbursements, amounting in all to $5,560.  *  *  *  The application of the said Allen G. Fisher for a personal judgment against Wilbert W. Stewart, receiver of the defendant, is denied,  *  *  *  and the application of the said Allen G. Fisher to have his said judgment declared to be a preferred claim to the extent of $4,000 by reason of his claim of attorney's lien upon the assets of the defendant which came into the hands of the said Wilbert W. Stewart, receiver, under the order of this court from Allen G. Fisher, is denied." The appellant assigns no error in the judgment so far as it purports to be a judgment in his favor, but complains of that part of the order of the judgment which purports to deny to the appellant a preferred claim for $4,000 upon the assets of the defendant which appellant turned over to the said receiver. This last clause, strictly speaking, constitutes no part of the judgment, but was a denial of the appellant's application to make the judgment a preferred claim against the assets of the bank turned over to the receiver

by the appellant. But under the view we have taken of the case the court was clearly correct in refusing to make the claim of the appellant a preferred claim, or entering a personal judgment against Wilbert W. Stewart for the amount claimed.

It may be proper to say that in the additional abstract on the part of the respondent the fact is called to our attention that the judgment entered on July 7, 1903, was vacated and set aside by the court on August 1st of that year; but as that judgment was vacated and set aside subsequently to the taking of the appeal by the appellant, the action of the court in that behalf cannot affect the decision on this appeal.

Finding no error in the record available to the appellant on this appeal, the orders of the court below appealed from are affirmed.