MENNO STATE BANK, a corporation, Plaintiff and Appellee,

v.

CITY OF MENNO, South Dakota, a Municipal Corporation, Merritt E. Ulmer, Annette C. Seydel, and Elsie Marie Grow, formerly Elsie Marie DeCamp, Defendants,

and

Edleen G. Ruff, formerly Edleen G. Ulmer, Defendant and Appellant.

Nos. 12757, 12962.

Supreme Court of South Dakota.

Oct. 15, 1980.

Ellsworth E. Evans and Edwin E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellee.

Richard D. Hagerty, Yankton, for defendant and appellant.

WOLLMAN, Chief Justice.

Appellee Menno State Bank initiated this action to confirm title to certain real estate and to have the real estate partitioned and sold. Two appeals stem from this action; we have combined the two appeals for consideration.

The Schnitzelbank Bar is located on the real estate in question. The building is adjacent to and attached to the north wall of the Menno State Bank. This action began after appellant refused to sell her half interest in the property to appellee.

Appellant answered the complaint pro se. At trial, appellant did not appear in person

and was not represented by counsel. Appellant did not propose any findings of fact or conclusions of law.

The trial court found that the structure in question did not have a south wall and that no party wall agreement existed between the owners of the two buildings. The court found that appellant and appellee each owned an undivided one–half interest in the real property. The court ordered a referee to partition and sell the property.

## APPEAL # 12757

■ Appellant argues that the trial court failed to adjudicate the party wall issue. The pro se answer of appellant addresses this issue only by pleading insufficient information to admit or deny the allegation. Appellant did not appear in court or propose any findings of fact or conclusions of law. Appellant's motion for a new trial was untimely. Appellant thus failed to preserve her record for appeal. *Pearson v. Adams*, 279 N.W.2d 674 (S.D.1979); *Johnson v. Adamski*, 274 N.W.2d 267 (S.D.1979); *Fales v. Kaupp*, 83 S.D. 487, 161 N.W.2d 855 (1968); *Moody County v. Cable*, 82 S.D. 537, 150 N.W.2d 193 (1967). Accordingly, we dismiss this appeal.

## APPEAL # 12962

Five months after the trial court entered its judgment, appellant filed a motion asking the trial court to vacate the judgment pursuant to SDCL 15-6-60(b) on the ground that the judgment had been obtained by fraud and deceit. The motion also alleged surprise and newly discovered evidence as grounds for relief.[1]

In *Winans v. Grable*, 18 S.D. 182, 99 N.W. 1110 (1904), this Court held that the trial court had no power to vacate and set aside a judgment after an appeal had been taken from the judgment. The question before us is whether SDCL 15-6-60(b) contemplates a procedure whereby a motion to vacate a judgment may be entertained by a trial court during the pendency of an appeal.

SDCL 15 6 60(b) was patterned on Rule 60(b) of the Federal Rules of Civil Procedure. The majority rule among the federal courts of appeals is that the trial court does have jurisdiction to consider a Rule 60(b) motion.

The Court of Appeals for the Eighth Circuit has held:

> [T]he better rule ... is that in such a situation the district court has jurisdiction to consider the motion and if it finds the motion to be without merit to enter an order denying the motion, from which order an appeal may be taken.... If, on the other hand, the district court decides that the motion should be granted, counsel for the movant should request the court of appeals to remand the case so that a proper order can be entered.

*Pioneer Ins. Co. v. Gelt*, 558 F.2d 1303, 1312 (8th Cir. 1977) (citations omitted). Accord: *Smith v. Pollin*, 194 F.2d 349 (D.C.Cir.1952); *Com. of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39 (1st Cir. 1979); *Ryan v. United States Lines Company*, 303 F.2d 430 (2nd Cir. 1962); *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697 (5th Cir. 1955); *First Nat. Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976); *Washington v. Board of Ed., Sch. Dist. 89, Cook County, Ill.*, 498 F.2d 11 (7th Cir. 1974); *Aune v. Reynders*, 344 F.2d 835 (10th Cir. 1965).[2] See also *Duriron Compa-*

1. SDCL 15–6–60(b) provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under § 15–6–59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or· other misconduct of an adverse party;

\* \* \* \* \* \*

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or ·proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation....

2. Under the procedure adopted by the Court of Appeals for the Ninth Circuit, the district court

ny v. Bakke, 431 P.2d 499 (Alaska 1967); Life of the Land v. Ariyoshi, 57 Haw. 249, 553 P.2d 464 (1976); Huneycutt v. Huneycutt, 94 Nev. 79, 575 P.2d 585 (1978).

This approach has several advantages. As stated by the Court of Appeals for the First Circuit:

> We join with the ... circuits which do not require Rule 60(b) motions to be screened at the circuit level prior to their being filed in district court. We see several advantages to that approach. The district court, being familiar with the case, is in a far better position than is an appellate court to evaluate the motion's merits quickly.

Com. of Puerto Rico v. SS Zoe Colocotroni, supra, 601 F.2d at 41. This procedure promotes judicial economy. See Ryan v. United States Lines Company, supra; Washington v. Board of Ed., Sch. Dist. 89, Cook County, Ill., supra; 11 C. Wright and A. Miller, Federal Practice and Procedure (Civil) § 2873 (1973).

■ We hold that henceforth trial courts should consider Rule 60(b) motions in accordance with the procedure set forth in Pioneer Ins. Co. v. Gelt, supra. Inasmuch as the principal appeal in the instant case is herewith dismissed, the trial court on remand in # 12962 may grant or deny appellant's motion for relief from the judgment.

Appeal # 12757 is dismissed. The order in appeal # 12962 is reversed, and the matter is remanded to the trial court for further proceedings on appellant's motion to vacate the judgment.

All the Justices concur.

may not enter an order denying a Rule 60(b) motion. It may, however, indicate that it would entertain or grant such a motion, in which case appellant may move for remand to the district court. Crateo, Inc. v. Intermark, Inc., 536 F.2d 862 (9th Cir. 1976).

In Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976), the Supreme Court allowed a Rule 60(b) motion to be made initially in the district court without leave of the Court. In that case, however, the mandate on appeal had already been issued by the Supreme Court.