ABDENOR, Respondent, v. GOULD, Appellant.

(186 N. W. 120.)

(File No. 4885.   Opinion filed January 10, 1922.)

1.  **Verdicts—Quotient Verdict, Jurors' Secretly Marking Amount, Averaging Result, Whether a "Chance Verdict"—Statute.**

Where affidavits of seven jurors stated that being unable to agree on amount of damages, one of jurors suggested that each secretly mark down amount he judged plaintiff entitled to recover, and that, calculating the average amount so set down by each, it should be the amount of the verdict, and that such method was followed; **held,** that such a verdict would have been a chance verdict, which should be set aside, under Subd. 2, Sec. 2555, Code 1919, declaring that to reach a verdict "by a resort to the determination of chance" is misconduct of jury entitling aggrieved party to new trial; and such misconduct is provable by a juror's affidavit.

2.  **Same—Jurors' Amended Affidavits and Additional Affidavits, Showing Such Marking to Ascertain "Reasonable" Amount, Right to Object Reserved, Quotient Taken, Whether Chance Verdict.**

Where four of said seven jurors thereafter made other affidavits stating that they did not understand the original affidavit, but that the facts were that, after jurors had agreed plaintiff was entitled to a verdict, it was suggested that each juror write down amount they thought plaintiff entitled to recover, which was done "merely to ascertain what each juror considered reasonable," each juror reserving right to object should he think it unreasonable, that this was done and the quotient was the verdict rendered, that thereafter quotient verdict was considered and it was decided that the amount found was a fair verdict, and returned same; three additional jurors having joined in the latter affidavits; **held,** that the verdict was not a quotient verdict, nor inhibited by the statutes; that (following Dixon v. Pluns, 33 Cal. 268), where such method has been adopted merely to ascertain what each juror considered reasonable, with right to each to afterwards object should he deem it unreasonable, an honest expression of opinion free from hazard, chance or lot might afterward be obtained, in which case verdict should stand.

Appeal from Circuit Court, Tripp County.   Hon. WILLIAM WILLIAMSON, Judge.

Action by Abraham Abdenor, against William Gould, to recover damages for a personal assault.   From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals.   Affirmed.

*Hannett & Hannett,* for Appellant.

*W. J. Hooper,* for Respondent.

WHITING, J. This cause is before us upon an appeal from the judgment and from an order refusing a new trial. The sole question presented is whether the jurors or any of them "were induced to assent" to their verdict "by a resort to the determination of chance." Subdivision 2, § 2555, R. C. 1919, declares that to so reach a verdict is misconduct on the part of the jury such as will entitle the aggrieved party to a new trial, and also provides that such misconduct may be proved by the affidavit of any one of the jurors.

About a year after the trial, seven of the jurors made affidavits stating that:

"The jurors being unable to agree upon the amount of the damages which should be awarded to the plaintiff in said action, it was suggested by one of the jurors that each juror should secretly mark down on paper the amount which he judged that that plaintiff was entitled to recover, and that, calculating the average amount so set down secretly by each juror, such average so ascertained should be the amount of the verdict which the jury would render for the plaintiff as damages in said action."

[1] Such affidavits further stated, in effect, that such method was followed; the total of the several amounts so secretly marked down was divided by 12, and the amount so ascertained rendered as the verdict. That to so proceed would result in a chance verdict, one which should be set aside, was held by this court in Long v. Collins, 12 S. D. 621, 82 N. W. 95.

[2] However, after these affidavits were sworn to by these seven jurors, four of these seven made other affidavits, in which each stated:

"That this deponent has heretofore made an affidavit, but when he made the same he did not understand that affidavit, but the facts herein stated are true."

The facts in such later affidavits, which are so alleged to be the true facts, and which are also sworn to by three other jurors who were not among the seven making the first affidavits, are:

That after the jurors had agreed that plaintiff was entitled to a verdict, "it was then suggested that each juror write down the amount which they thought the plaintiff was entitled to re-

cover, which was done merely to ascertain what each juror considered reasonable. That each juror reserved the right to object should he think it unreasonable. That this was done, and the quotient was the verdict in the case. That after the quotient was obtained, the jury considered the same, and decided that $425 was a fair verdict, and afterwards returned it to the court."

The party preparing the later affidavits undoubtedly had in mind the following words of this court, found in Long v. Collins, Supra:

"Had the method been adopted merely to ascertain what each juror considered reasonable, and each juror reserved to himself the right to afterwards object, should he think it unreasonable, an honest expression of opinon, free from hazard, chance, or lot, might afterwards be obtained, and in such a case the verdict should stand."

While the words quoted above were "obiter dictum," we are of the opinion that they state a sound rule, and, as stated by the court in Dixon v. Pluns, 98 Cal. 384, 33 Pac. 268, 20 L. R. A. 698, 35 Am. St. Rep. 180:

"Courts have not been astute in perceiving sufficient error to set aside verdicts upon the ground here relied upon, and the evidence sustaining the verdict has been generally favored."

The judgment and order appealed from are affirmed.