STARK, Respondent v. STARK, Appellant

(109 N.W.2d 904)

(File No. 9862. Opinion filed July 3, 1961)

Rehearing denied August 28, 1961.

Thos. G. Wall, Sturgis, for Defendant and Appellant.

Overpeck, Hamblin & Mueller, Belle Fourche, for Plaintiff and Respondent.

BIEGELMEIER, J.   Plaintiff's second cause of action alleged defendant agreed to pay the reasonable value of improvements made on a farm owned by defendant at the

termination of the tenancy. Defendant's answer was in effect a general denial. The action was tried to a jury which returned a verdict for plaintiff for $15,000. Defendant appeals from the judgment and an order denying the motion for a new trial.

■ ■ Before the trial in some proceedings relating to the first cause of action (not here involved) defendant was represented by attorneys; however, he prepared and signed the answer and tried the action without aid of counsel. On cross-examination he was asked as to the number of attorneys he had employed or consulted about the action; his answers indicated there were several. It is claimed this was error. SDC 1960 Supp. 33.1605 permits a new trial under subsection (7) for "Error in law occurring at the trial provided that in case of claim of error on admission or rejection of evidence it must be based upon an objection * * *". Justification did exist for some questions on this subject because they dealt with the authority of one lawyer in writing a letter as to future lease renewal terms and notifying plaintiff to move from the premises if they were not satisfactory and other notices to quit. Assuming it was error to further persist in this questioning, defendant volunteered the name of one lawyer and no objections were made to the questions; thus no foundation for error at law exists under subsection (7). Treating this as a claim of misconduct of counsel, it fails for it was not set out in the application for new trial and this court will not consider questions not presented to the trial court. Empey v. Rapid City, —S.D.—, 103 N.W.2d 861.

■ At the trial defendant stated he would like the jury to "inspect the place" stating he would pay all expenses of transportation. He claims the court erred in not granting the request. SDC 1960 Supp. 33.1322 permits inspection in jury cases "When in the opinion of the Court it is proper * * *". This is in the sound discretion of the court. Bean v. Best, 77 S.D. 433, 93 N.W.2d 403. No abuse of discretion appears. Defendant's offer was improper in form and practice. It should not have been made in the

presence of the jury nor with the offer of payment of the expense. 53 Am. Jur., Trial, § 445.

■ Affidavits in support of the claim of newly discovered evidence were by persons present at the trial, one by a son who took down statements made; they were either on information and belief, facts known or within the ability of defendant to introduce at the trial, or immaterial; the trial court did not abuse its discretion in denying a new trial on that ground. Breneman v. Aune, 73 S.D. 478, 44 N.W.2d 219; Skinner v. F. C. Krotter Co., 72 S.D. 622, 38 N.W.2d 145.

■ Most troublesome is the question of whether the evidence justifies the verdict for the full amount of $15,000 claimed in the complaint. That this resulted because of defendant's failure to have a lawyer represent him and acted as his own counsel at the trial may be the subject of conjecture. He had the right to represent himself, about which his counsel at oral argument recalled a cliche familiar to all lawyers. He may not capitalize on his unfamiliarity with law; he is bound by the same rules of evidence and procedure as is required by those who are duly licensed to practice law, Lombardi v. Citizens National Trust & Savings Bank, 137 Cal. App.2d 206, 289 P.2d 823, and a trial judge is not required to act as counsel for a litigant.

■ However, the application for a new trial included excessive damages and insufficiency of the evidence as additional grounds. The complaint alleged defendant agreed to pay the reasonable value of the improvements; plaintiff's testimony was that the total value of all the material, all the time and labor he put into the premises in improving it for all the years was $11,409. The court's instruction limited recovery to plaintiff's claim of reasonable value of the improvements. These instructions became the law of the case and under the most favorable version permitted no recovery in excess of plaintiff's testimony on that basis. Perhaps the reason for the higher verdict was plaintiff's evidence of the increased value of the real estate

from the time he went on the land in 1949 to 1958, the last year of his tenancy. The jury could not consider this as the complaint, evidence and instructions limited the recovery to the reasonable value of the improvements. The evidence does not support a recovery under this record of any amount in excess of $11,409.

If the plaintiff shall file in this court a written election to accept judgment in the sum of $11,409 with interest from date of the judgment in the trial court and costs below, then the judgment appealed from, as modified by plaintiff's election, will be affirmed, with costs to respondent; otherwise the order denying a new trial and judgment will be reversed.

All the Judges concur.