FALES, Respondent v. KAUPP et al., Appellants

(161 N.W.2d 855)

(File No. 10495. Opinion filed October 21, 1968)

**Herman & Wernke,** Gregory, for defendants and appellants.

**Johnson & Johnson,** Gregory, for plaintiff and respondent.

RENTTO, Judge.

On March 1, 1959, plaintiff Fales and the defendant partnership Kaupp Hereford Ranch, entered into a written agricultural contract terminating on March 1, 1962. Under it the partnership was to furnish Fales with a house to live in, certain land, livestock and equipment and he was to do the work necessary in farming the land and caring for the livestock. For his contribution he was to receive a one-third share of the profits of the venture remaining after certain expenses were deducted.

The manner in which other expenses incident to the operation were to be provided and shared was described in the agreement.

Plaintiff claims that prior to the termination of the written agreement the parties orally agreed to another contract for an additional year substantially the same as their written agreement, except that the number of livestock and amount of land furnished him were to be larger. Pursuant to this he carried on the operation through the farming year of 1962. In this action he claims that he fully performed the obligations required of him under the new oral agreement, but that the partnership has failed to perform its part thereof. He also claims that it owes him the sum of $2,411.50 with interest at 6% from March 1, 1963.

The partnership denied the claims of the plaintiff and alleged that while the plaintiff under the new agreement was to receive a one-third share of the profits from some parts of their operation he was to receive only 20% of other portions rather than the one-third he alleged. It claims to have completely performed its part of the agreement and paid plaintiff all sums that he is entitled to thereunder, except in a few minor details which it wants offset against what the plaintiff owes it. The jury found for the plaintiff and fixed his damages in the sum of $1,205.75. Judgment for this amount was entered. Defendants' motion for a new trial was denied after which they appealed from the judgment and the order denying a new trial.

■ The order denying defendants' motion for a new trial is not appealable, SDC 1960 Supp. 33.0701, but the propriety of that order is reviewable on an appeal from the judgment. SDC 1960 Supp. 33.0710. State Highway Commission v. Madsen, 80 S.D. 120, 119 N.W.2d 924. Accordingly, we will treat that portion of the notice which purports to appeal from the denial of a new trial as surplusage.

■ The sum awarded plaintiff by the jury is one-half of the amount he claimed as having been owed to him. One of

the grounds of defendants' motion for a new trial was that this constituted a quotient verdict. This claim is based on the affidavit of one of the jurors which states "that the verdict of the jury was reached by dividing the figure '2' into the plaintiffs claim for damages of $2411.50, and then he was awarded damages in the amount of $1205.75". No showing in opposition was submitted. In our view the defendants' proof does not bring this award within our rule against quotient verdicts.

Under our practice the rendition of a verdict by chance is such misconduct of a jury as to be grounds for a new trial and as an exception to the general rule, it may be shown by affidavits of the jurors. RCP 59(a) which prescribes the grounds for granting a new trial, in paragraph (2) thereof provides:

"Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors."

The fact that the amount of a verdict is a quotient does not of itself make it a chance verdict. Abdenor v. Gould, 45 S.D. 101, 186 N.W. 120. To bring a verdict within the proscription of our rule there must also be a prearrangement among the jurors to accept the quotient figure as their verdict. Platt v. Rapid City, 67 S.D. 245, 291 N.W. 600. This essential element the defendants have failed to prove. It was their burden to do so since they are attacking the verdict. Until the contrary is established a presumption of regularity attaches to a jury verdict. 31A C.J.S. Evidence § 145. This includes the presumption that there was no improper prearrangement.

In charging the jury as to the claims of the parties the court, in its Instruction I, told the jury that plaintiff was claiming the sum of $2,411.50 and interest thereon at 6% per annum from March 1, 1963. The defendants are here claiming

that these two features of that instruction, the amount and the claim of interest, are improper and that the court by mentioning them erred to their prejudice. On the settlement of the instructions they did not object to the giving of the instruction. This precludes appellate consideration of their claim. RCP 51(b) provides in part that "No grounds of objection * * * to the giving * * * of an instruction shall be considered either on motion for new trial or appeal, unless presented to the court upon the 'settlement' of such instruction."

■ ■ Defendants also urge that the plaintiff "by his actions, conduct and words, and by accepting the benefits of 20% of the increase from the cows and 20% of the proceeds from the bulls, has waived his right to any greater amount." While plaintiff's evidence can be viewed as making this issue a fact question there is present a basic reason which prevents us from determining it. Waiver was not an issue in the trial court. It was not pleaded. This is required by RCP 8(c). Nor was it presented to the jury as an issue by the court's instructions. Consequently, it is not before us. Breckweg v. Knochenmus, 81 S.D. 244, 133 N.W.2d 860. Issues may not be presented for the first time on appeal.

■ It is also asserted that the evidence is not sufficient to support the verdict. Defendants' motion for a new trial did not state the particulars wherein the evidence is claimed to be insufficient in this regard as required by RCP 59(a) (7); nor were such claimed deficiencies timely presented to the trial court by a motion for a directed verdict or otherwise as prescribed in SDC 1960 Supp. 33.0710. See also RCP 59(f). Under similar circumstances we held in Lang v. Burns, 77 S.D. 626, 97 N.W.2d 863, that the insufficiency of the evidence was not reviewable.

We have carefully considered the other contentions urged on this appeal by the defendants and are satisfied that if they present any error it was not prejudicial.

Affirmed.

All the Judges concur.