FARMERS COOPERATIVE ELEVATOR COMPANY
OF REVILLO, Respondent v. JOHNSON, Appellant

(237 N.W.2d 671)

(File No. 11546. Opinion filed January 15, 1976)

**Gunderson & Gunderson**, and **Dennis Evenson**, Clear Lake, for appellant.

**Austin, Hinderaker & Hackett**, Watertown, for respondent.

WINANS, Justice.

A jury in circuit court found the defendant Evan Lee Johnson, a/k/a Steve Johnson, liable to the plaintiff elevator company for more than fourteen thousand dollars. Defendant who represented himself at trial, failed to plead specifically the statute of frauds and made no objections to the jury instructions before the close of trial. He now contends that the statute of frauds is a bar to action, that he pled it sufficiently and that a jury instruction was improper and substantially prejudiced his case. Having considered at length all issues raised by the defendant on

appeal we find no reason to reverse the lower court and we therefore affirm.

Ellsworth Johnson, manager of Plaintiff elevator company, alleged that Steve Johnson, defendant, entered the elevator offices on May 7, 1973, and asked for a bid on corn. He quoted $1.42 per bushel to him with an August delivery. He testified that on May 8, 1973, Steven Johnson returned and said "mark it down." Introduced into evidence was a small notebook with this notation on one page: "5/8/73 — Steve Johnson 26000 corn — 1$^{42}$ — Aug". There are no signatures on this memorandum. Plaintiff alleges that at the time of the purported sale and in reliance thereon it in turn sold 26,000 bushels of corn to the Bunge Corporation at $1.62 for delivery at Port Bunge in August, 1973. On August 1, 1973, Plaintiff notified Defendant that his corn was due and Defendant is said to have responded that he was not going to deliver it. After further refusals by Defendant, Plaintiff elevator purchased 26,000 bushels of corn on the open market and claimed to have sustained a net loss in covering its contractual obligation of $14,154.48. Around August 1, 1973, cash price for corn was between $2.15 and $2.30 per bushel. Apparently Defendant sold his corn to the Nassau Farmers Elevator and denied entering into any contract to sell and deliver corn to Plaintiff.

Plaintiff brought this action against Defendant for breach of contract and for fraud. Defendant consulted one or two attorneys and had one draw up an answer to the complaint but Defendant did not choose to retain this attorney for further services. Instead, he elected to represent himself at trial. His answer denies allegations of breach of contract and of fraud and further states "[t]hat at no time on no occasion did the Defendant herein enter into a contractual obligation, either written or oral, at any elevator or any market for the Defendant's shelled corn until the later part of July when the Defendant herein sold and delivered the corn in question to the Nassau Farmers Elevator at Nassau, Minnesota." There is no specific pleading here of the statute of frauds although Defendant would like to have his denial of a written contract interpreted as such. A trial was held in circuit court in Grant County on April 30, 1974, and May 1, 1974, and at its conclusion the jury found for the plaintiff.

Defendant through retained counsel on appeal contends that this action is barred by our statute of frauds and hence the verdict of the jury is a nullity.

SDCL 57-3-1 reads:

"Except as otherwise provided in §§ 57-3-2 and 57-3-3 a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this section beyond the quantity of goods shown in such writing."

■SDCL 57-2-10 defines as "goods" all things movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities and things in action. It specifically includes as "goods" growing crops. Thus it is clear that the statute of frauds as found in our state law and taken originally from the Uniform Commercial Code 2-201 applies to the transaction in question. (See Sacred Heart Farmers Cooperative Elevator v. Johnson, 1975, Minn., 232 N.W.2d 921, a case with facts and names similar to the instant case wherein the statute of frauds, Minn.St. 336.2-201, was found to apply in a purported corn sale).

■Acknowledging that the South Dakota statute of frauds is applicable to the subject matter before us, we must ask whether or not it must be pleaded specifically and if so whether or not this was done. SDCL 15-6-8(c) states in part:

"In pleading to a preceding pleading a party shall set forth affirmatively * * statute of frauds * * * and any other matter constituting an avoidance or affirmative defense."

Fales v. Kaupp, 1968, 83 S.D. 487, 161 N.W.2d 855, is a case for breach of contract. In that case, on appeal defendants urged that plaintiff-respondent had waived his right to a certain greater amount of money. There we said:

"While plaintiff's evidence can be viewed as making this issue a fact question there is present a basic reason which prevents us from determining it. Waiver was not an issue in the trial court. It was not pleaded. This is required by RCP 8(c). [now SDCL 15-6-18(c)]. Nor was it presented to the jury as an issue by the court's instructions. Consequently, it is not before us. Breckweg v. Knochenmus, 81 S.D. 244, 133 N.W.2d 860. Issues may not be presented for the first time on appeal."

Waiver, like statute of frauds, is an affirmative defense which must be pleaded in this state under SDCL 15-6-8(c). (6 SDCL Appendix of Forms sets out an illustrative answer presenting defenses including as the Fourth Defense one of the affirmative defenses provided for in § 15-6-8(c).) In accord with the foregoing decision in Fales we are persuaded that the issue of the statute of frauds is not properly before this court as a bar to this action because it simply was not pleaded. Our law requires that it be pleaded as a defense *affirmatively*. This certainly requires more than a general denial of the complaint or even the ambiguous reply couched in a double negative and a negative pregnant that there was no written contract. Defendant had a duty to plead this defense in order to claim its protection and, having failed to do so, he cannot now retry his case on appeal. An affirmative plea in this situation must at least state that the subject matter of the complaint falls within the provisions of SDCL 57-3-1 and assert that there is no writing covering the matter in question and signed by the party charged.

Defendant's counsel further contends that because Defendant at trial chose to represent himself, and was therefore presumably less adept at protecting his interests than would have been a member of the bar, the judge was allowed without any objection made on Defendant's part to present an erroneous

instruction to the jury. The Instruction in question, #12, reads as follows:

> "The issue to be determined by you in this case is, did the plaintiff and the defendant enter into an agreement on May 8, 1973, whereby the defendant was to deliver to the plaintiff in August, 1973, 26,000 bushels of corn at the rate of $1.42 a bushel."

In Fales v. Kaupp, supra, defendants-appellants claimed that two features of the jury instructions were improper and prejudicial. There we noted:

> "On the settlement of the instructions they [appellants] did not object to the giving of the instruction. This precludes appellate consideration of their claim. RCP 51(b) [now SDCL 15-6-51(b)] provides in part that 'No grounds of objection * * * to the giving * * * of an instruction shall be considered either on motion for new trial or appeal, unless presented to the court upon the "settlement" of such instruction.'"

Similarly, in the earlier case of Keller v. Merkel, 1950, 73 S.D. 477, 44 N.W.2d 208, we said:

> "The other assignments relate to the giving of certain instructions by the trial court and to the refusal of the trial court to give certain requested instructions. No exceptions were taken to any instructions of the court nor did defendant except to the refusal of the court to give requested instructions. Under this record, therefore, the trial court's instructions became the law of the case and no question concerning the instructions is before this court."

We cannot say that the Instruction complained of, in the absence of an affirmative plea of the statute of frauds and/or an objection at the settlement of instructions, was prejudicial error.

■ Particularly with regard to his failure to object to the

questioned instruction, appellant raises the issue of his appearance on his own behalf without other counsel or co-counsel. He would, it appears to us, seek the special indulgence of this bench because of his unfamiliarity with the rules of pleading and trial practice. To acquiesce to his entreaty would be to work injustice in the name of justice for it would allow those who freely elect to act as their own counsel liberties not accorded to those who seek out members of the bar to represent them in cases such as this. In Stark v. Stark, 1961, 79 S.D. 178, 109 N.W.2d 904, we remarked:

> "Most troublesome is the question of whether the evidence justifies the verdict for the full amount of $15,000 claimed in the complaint. That this resulted because of defendant's failure to have a lawyer represent him and acted as his own counsel at the trial may be the subject of conjecture. He had the right to represent himself, about which his counsel at oral argument recalled a cliche familiar to all lawyers. He may not capitalize on his unfamiliarity with law; he is bound by the same rules of evidence and procedure as is required by those who are duly licensed to practice law * * *."

In the same vein is the opinion of the California District Court of Appeals in Lombardi v. Citizens National Trust & Savings Bank, 1956, 137 Cal.App.2d 206, 289 P.2d 823, which said:

> "[I]t is clear plaintiff received the decision to which he was entitled, * * * since he did not establish any element of his case. But, he argues, the judge knew he was a layman unlearned in legal procedure and the technical rules of evidence, therefore he should have helped him out. That would have been an unjust reward for ignorance * * *."

Defendant Johnson failed to assert properly the defense of the statute of frauds according to the provisions of our law in his pleading, in the course of the trial or at the settlement of the instructions. He cannot now raise this defense on appeal. He had the right to serve as his own counsel and, having exercised this

right, he is bound to the consequences of his course of action.

Affirmed.

DUNN, C. J., and WOLLMAN and COLER, JJ., concur.

DOYLE, J., concurs in result.

DOYLE, Justice (concurring in result).

The majority opinion deals with essentially two issues—one concerning the failure to plead affirmatively the defense of the statute of frauds, and, next, the failure to request an instruction on the subject. In my opinion, the statements too narrowly confine this jurisdiction's attitude toward pleading. While it is true that the statute of frauds must be affirmatively pled, it is also true that it is not necessary to plead if the issue is tried by consent, either expressed or implied. The majority opinion, in my view, adopts an overly formalistic view. I would prefer to bottom the opinion on the defendant's failure to request an instruction, which is more in line with the Fales case cited in the opinion. To decide the case on the failure to request an instruction is in accordance with a long-standing rule in this state. See State v. Henry, 1973, 87 S.D. 454, 210 N.W.2d 169; State v. Barr, 1975, 89 S.D. 280, 232 N.W.2d 257.