**SUNPOWER, INC., a/k/a American Solar King, Plaintiff and Appellee,**

v.

**Robert HAWLEY, Defendant and Appellant.**

**No. 12674.**

Supreme Court of South Dakota.

Considered on Briefs March 13, 1980.

Decided Sept. 10, 1980.

John F. Cogley of Morgan, Fuller, Theeler & Cogley, Mitchell, for plaintiff and appellee.

Robert A. Hawley, pro se.

PER CURIAM.

This is an appeal from a default judgment. We affirm.

On June 3, 1978, defendant was served with a summons and complaint alleging that he owed plaintiff $3,707.40 for the sale and installation of eight solar collectors. On July 10, 1978, defendant filed a document entitled "Total Disclaimer of Unlawful Equity Jurisdiction" with the Hanson County Clerk of Courts. Plaintiff filed a motion to strike. At the hearing on the motion, defendant requested that lay counsel assist him at counsel table. The court denied this request, and defendant represented himself. The motion to strike was granted. No answer, motion or any other

type of pleading was filed by the defendant in Hanson County other than the document referred to above. It appears, however, that a counterclaim was filed prior to September 25, 1978, in Davison County.

Plaintiff filed a motion for default judgment. At the hearing on this motion, defendant again represented himself and admitted to buying the solar energy system from plaintiff. He admitted that he had not paid for the system but stated that the system did not work. Plaintiff was awarded a default judgment.

 Defendant contends that this Court should set aside the default judgment because he was unfamiliar with the rules of pleading and trial practice. We do not agree. A defendant has a right to serve as his own counsel; however, having exercised this right, it would be unjust to allow defendant liberties not accorded to those who seek out members of the Bar to represent them in cases such as this. *Farmers Cooperative El. Co. of Revillo v. Johnson*, 90 S.D. 36, 237 N.W.2d 671, 674 (1976). This Court, in *Stark v. Stark*, 79 S.D. 178, 181, 109 N.W.2d 904, 906 (1961), said:

> Most troublesome is the question of whether the evidence justifies the verdict for the full amount of $15,000 claimed in the complaint. That this resulted because of defendant's failure to have a lawyer represent him and acted as his own counsel at trial may be the subject of conjecture. He had the right to represent himself . . . . He may not capitalize on his unfamiliarity with law; he is bound by the same rules of evidence and procedure as is required by those who are duly licensed to practice law . . and a trial judge is not required to act as counsel for a litigant.

The trial court has a duty to be courteous and fair, of course, but it has no duty to practice law for the pro se litigant. Defendant is bound to the consequences of his choice to defend himself.

 Because of defendant's failure to answer plaintiff's complaint, no factual issues were in dispute; consequently, the court did not err in denying defendant a trial by jury.

This Court held in *Longley v. Daly*, 1 S.D. 257, 261, 46 N.W.247, 248 (1890), that "[t]he intervention of the jury is required only when some question of fact is controverted." The late filing of a counterclaim in the wrong county did not raise a factual issue.

 Defendant also alleges that the trial court erred in denying him the assistance of lay counsel. In *State v. Peterson*, 266 N.W.2d 103 (S.D.1978), we held that there is no statutory or constitutional right to representation by lay counsel in a criminal action. Defendant attempts to distinguish this holding by claiming a right to assistance by lay counsel rather than representation by lay counsel. He claims that this right is derived from the Sixth Amendment to the United States Constitution and Article VI, § 7, of the South Dakota Constitution. Those constitutional provisions, of course, apply only to criminal prosecutions and do not embody the right to assistance of lay counsel in a civil action.

We have considered defendant's remaining arguments and conclude that they do not merit discussion.

The judgment is affirmed.

JONES, Circuit Judge, sitting for MORGAN, J., disqualified.