**M. Irene OESTERLING, Plaintiff and Appellant,**

v.

**Richard W. OESTERLING, Defendant and Appellee.**

**No. 14200.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 19, 1984.

Decided Sept. 12, 1984.

Joseph Rimlinger, East River Legal Services, Sioux Falls, for plaintiff and appellant.

Richard W. Oesterling, pro se.

MORGAN, Justice.

This appeal is from a judgment in a contempt action which granted appellant only $4,000 of the $21,400 alimony arrearage. Appellant M. Irene Oesterling (wife) claimed that Richard W. Oesterling (husband) owed her $21,400 accumulated alimony for a period of nearly nine years. The trial court allowed her only $4,000 for accrued alimony to date of judgment. Wife appeals and we reverse and remand.

Wife received a divorce from her husband on May 3, 1974. Under a stipulation agreement signed May 1, 1974 and approved in the divorce decree of May 3rd, wife was to receive $50 per week alimony. On December 16, 1982, wife requested an order requiring husband to show cause why he should not be held in contempt for his failure to pay alimony in compliance with the judgment and decree of divorce. Wife stated in her affidavit that husband had made no alimony payments and was behind $21,400. The show cause order was issued and served, and husband appeared pro se on January 21, 1983. On February 15, 1983, the trial judge sent a letter to husband and to wife's attorney to provide notice that a further hearing was set for March 28, 1983. There are no transcripts of these hearings. From statements made in the record by wife's attorney and by the trial judge, which describe these proceedings, it is agreed that:

1. Both parties appeared January 21, 1983, wife with counsel and husband pro se.

2. Husband did not answer nor submit a written affidavit in response to the court's order to show cause. Husband had raised no affirmative defenses.

3. The court questioned wife on its own initiative regarding her delay in bringing action and mentioned that laches might apply. Husband has never asserted wife's delay prejudiced him in any way.

4. The court continued the hearing to allow husband to prepare a list of expenses and to allow wife to respond to the court's concern as to her delay.

5. Both parties appeared at final hearing on March 28, 1983. The court questioned husband about the list of expenses filed with the court and again questioned wife about her delay. Wife explained that she had been unable to pay an attorney to pursue the matter.

In the findings of fact and conclusions of law which accompanied the court's judgment, the trial court applied the doctrines of waiver and estoppel and in effect cancelled husband's obligation to pay over $18,000 in accrued alimony.

The first issue is whether a trial court may gratuitously raise affirmative defenses for a defendant appearing pro se. SDCL 15–6–8(c) requires that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively ... estoppel, ... laches, ... waiver and any other matter constituting an avoidance or affirmative defense." It is undisputed that husband did not file an answer or affidavit in response to the order to show cause and did not plead any affirmative defenses. Affirmative defenses must be pleaded as such. *McMacken v. State*, 325 N.W.2d 60 (S.D.1982) (reversed on other grounds in *Daugaard v. Baltic Co-op. Bldg. Supply Ass'n*, 349 N.W.2d 419 (S.D.1984); *State v. Blomstrom*, 72 S.D. 526, 37 N.W.2d 247 (1949); *Smith v. Cleaver*, 25 S.D. 351, 126 N.W. 589 (1910).

In *Farmers Cooperative El. Co. of Revillo v. Johnson*, 90 S.D. 36, 237 N.W.2d 671 (1976), appellant's counsel asserted that because appellant represented himself below and was presumably less capable of protecting his interests than an attorney would have been, defendant should be granted indulgence for his lack of familiarity with the rules of pleading and practice. This court held that to grant such indulgence "would be to work injustice in the name of justice for it would allow those who freely elect to act as their own counsel liberties not accorded to those who seek out members of the bar to represent them[.]" *Id.* at 42, 237 N.W.2d at 674.

This court declared in *Stark v. Stark*, 79 S.D. 178, 109 N.W.2d 904 (1961), that parties who appear pro se may not capitalize on their unfamiliarity with the law; they are bound by the same rules of evidence and procedure that bind attorneys and a trial judge is not required to act as counsel for a litigant. In *Sunpower, Inc. v. Hawley*, 296 N.W.2d 532 (S.D.1980), the court pointed out that "[t]he trial court has a duty to be courteous and fair, of course, but it has no duty to practice law for the pro se litigant. Defendant is bound to the consequences of his choice to defend himself." *Id.* at 533.

■ The fact that an affirmative defense has not been formally pled is immaterial if the issue was tried by express or implied consent. *American Property Services v. Barringer*, 256 N.W.2d 887 (S.D.1977). Three tests for allowing adjudication of an unpled affirmative defense under SDCL 15–6–15(b) * were noted in *Barringer*:

1. whether the opposing party will be prejudiced by the implied amendment of the pleadings,
2. whether the opposing party had a fair opportunity to litigate the issue, and
3. whether the opposing party could have offered any additional evidence if the case been tried on a different issue.

*Id.* at 891 (footnote omitted).

■ In this case, the court made reference to laches at the January 21st hearing. Wife's counsel responded by letter before the second hearing and pointed out that no affirmative defenses had been raised. The affirmative defense the trial court found could only have been found in wife's complaint. The complaint was the only document which indicated the hiatus between husband's failure to pay and her request for an order to show cause. The indicia of trial by consent are not found in this case. There is no extensive evidence of waiver, estoppel or laches; wife had no reason to know these defenses might be asserted against her. She had no notice that kind waiver or estoppel might be asserted against her until the date of the final hearing. Upon this record, we determine that husband had waived the affirmative defenses asserted for him by the court.

Because of our determination on the first issue, it is unnecessary to deal with the second issue raised by wife. The record discloses that in 1974 wife, as a resident of Pennsylvania, sought to enforce payment of child support through the Reciprocal Enforcement of Support Act. No disposition of the 1974 show cause order is contained in the record.

We reverse the judgment of the trial court and remand with instructions to proceed on the issues as pled.

All the Justices concur.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.

* SDCL 15–6–15(b) provides:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.