Leroy D. SCHECHER, Plaintiff
and Appellant,

v.

SHAKSTAD ELECTRIC & MACHINE
WORKS, INC., Defendant
and Appellee.

Nos. 15653, 15670.

Supreme Court of South Dakota.

Considered on Briefs Sept. 1, 1987.

Decided Oct. 21, 1987.

Steven J. Helmers of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for plaintiff and appellant.

James R. Myers of Simons, Gibbs, Feyder & Myers, Sioux Falls, for defendant and appellee.

SABERS, Justice.

Leroy Schecher (Schecher) appeals from summary judgment in favor of Shakstad Electric (Shakstad) on his claim for breach of employment contract.

*Facts*

In January 1985, Shakstad had distribution rights for Kohler generators in South Dakota, Wyoming, and northwestern Nebraska. Because of these distributorship territories, Shakstad decided to open a Rapid City branch of its business on an "experimental" basis and approached Schecher, who was an independent marketing consultant working with Shakstad. Schecher claims he was hired as a manager on a one-year contract with an annual salary of $34,000. Shakstad claims that Schecher was hired as a salesman with a base salary of $24,000, plus commissions of 2% on all sales in Schecher's territory. Commissions were to be prepaid to Schecher on a biweekly basis. Schecher argues that the division of salary and commissions was immaterial because the $10,000 in commissions was guaranteed for the year and not contingent upon actual sales. Shakstad maintains that *all* its employees are hired on an at-will basis and Schecher was no exception. Schecher claims that the employment agreement was made about April 1, 1985, and commenced May 1, 1985. Schecher moved from Sioux Falls to Rapid City in late April of 1985. Schecher contends that Larry Raad, vice president and general manager of Shakstad agreed to reduce the terms of employment to writing, but never did.

Despite the distribution agreement with Kohler, in the fall of 1985, Shakstad signed a noncancellable distributorship contract with Onan, a competitor of Kohler. Subsequently, Kohler indicated that it would cancel its distributorship with Shakstad. The loss of the Kohler distributorship was significant to the new Rapid City office. Schecher claims Shakstad frustrated his ability to perform by causing the termination of the Kohler distributorship. Shakstad claims that Schecher was terminated on October 15, 1985, because the Rapid City office was not economically viable.

Schecher claims damages against Shakstad for lost earnings, lost benefits, out-of-

pocket expenses, and emotional distress on two counts: Breach of Contract and Tortious Breach of Implied Covenant of Good Faith and Fair Dealing. Shakstad answered and counterclaimed seeking recovery of $6,233.66 in commissions and vacation pay paid but unearned. Shakstad later amended its counterclaim for an additional $38,-184 claiming Schecher violated his obligation of good faith and fair dealing.

On October 31, 1986, less than two weeks before trial, Shakstad's counsel sent the trial court a letter and, for the first time, asserted the defense of statute of frauds as grounds for summary judgment. Shakstad claims this defense was properly presented to the court in support of its Motion for Summary Judgment because it only became apparent through the discovery process. Both Schecher's claim and Shakstad's counterclaim were dismissed on motions for summary judgment.

*Claims*

Schecher initially argues that the trial court erred in granting Shakstad summary judgment based on the statute of frauds defense. He contends Shakstad waived this defense because the defense was never affirmatively pled, never raised on the record, and because Shakstad admitted the employment contract in its answer. Schecher also argues that the statute of frauds did not apply because the contract was for a one-year term and that part performance of the contract barred the statute's application. Schecher also claims errors in the trial court's failure to apply a statutory presumption of employment for a specified term and the dismissal of his second count based upon a covenant of good faith and fair dealing. Shakstad claims the trial court erred in dismissing its counterclaim.

1. THE TRIAL COURT ERRED IN GRANTING SHAKSTAD SUMMARY JUDGMENT BASED ON A DEFENSE NEVER AFFIRMATIVELY PLED NOR IMPLIEDLY CONSENTED TO BE TRIED.

SDCL 15–6–8(c) states that affirmative defenses, including the statute of frauds specifically, must be pled affirmatively in a responsive pleading. In *Farmers Cooperative Elevator Co. of Revillo v. Johnson,* 90 S.D. 36, 237 N.W.2d 671 (1976), this court held that a defendant "had a duty to plead" affirmative defenses and failure to do so would result in the defense being barred. In *American Property Services v. Barringer,* 256 N.W.2d 887 (S.D.1977), this court held that "[t]here are two exceptions to the general rule that affirmative defenses not pleaded are waived." *Id.* at 890. An affirmative defense is not waived if the pleadings are properly amended to include the defense or if the issue was tried by express or implied consent. These two exceptions are the gist of SDCL 15–6–15(a) and 15–6–15(b), modeled upon Federal Rule of Civil Procedure 15(a) and (b).

Moore's Federal Practice, Vol. 3, § 15.-08[3] states:

Rule 15(a) applies equally to plaintiffs and defendants and leave to amend may be sought for any purpose relating to the pleadings.... [including] to set up additional defenses, particularly defenses which if not pleaded might be deemed waived[.]

SDCL 15–6–15(a) would clearly apply if Shakstad had moved to amend its answer to include the defense of statute of frauds. However, there is nothing in the record (which does not include the "letter" of October 31st) to indicate that Shakstad ever moved the court for leave to amend its pleadings. Consequently, Rule 15(a) does not apply to this case.[1]

---

**1.** However, Wright and Miller, *Federal Practice and Procedure,* Vol. 6 § 1488 (1971) states:

Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend. Although one court has construed the subdivisions of Rule 15 so that they are mutually exclusive and has concluded that Rule 15(a) should be limited to amendments before trial and that amendments during and after trial must be made under Rule 15(b), there is no strong textual basis for this interpretation. In reality, there is a substantial overlap in the coverage of Rules 15(a) and 15(b).

In *Oesterling v. Oesterling*, 354 N.W.2d 735 (S.D.1984), this court, citing *Barringer, supra,* enumerated three tests for permitting an unpled affirmative defense under SDCL 15–6–15(b) (implied consent):

1. whether the opposing party will be prejudiced by the implied amendment of the pleadings,
2. whether the opposing party had a fair opportunity to litigate the issue, and
3. whether the opposing party could have offered any additional evidence if the case had been tried on a different issue.

*Id.* at 737.

The record fails to disclose how the statute of frauds issue was procedurally addressed by the trial court, except for a reference in Schecher's trial response brief,[2] allusions to Shakstad's October 31st letter, and the summary judgment order itself. This order merely recites that the trial court has considered all the motions and "all of the files, records and proceedings." Although it may be appropriate to apply Rule 15(b) to motions for summary judgment, *Hayes v. Philadelphia Transportation Co.,* 312 F.2d 522 (3d Cir.1963), it is difficult to determine, based on this record, the extent of prejudice, if any, or whether Schecher had a fair opportunity to litigate this issue. The trial court gave Shakstad until October 20th to file its motion for summary judgment. The summary judgment motion filed on October 17th contained absolutely no reference to the statute of frauds. On October 31, Shakstad's counsel apparently mailed an "undenominated" letter to the trial court which cannot necessarily be construed as either a brief in support of the motion for summary judgment or an amended motion for summary judgment. Here, for the first time, the affirmative defense of the statute of frauds was raised.

In a "response brief," dated November 4th, Schecher objected to the inclusion of the statute of frauds defense, as well as arguing against it on the merits.[3] It is questionable whether this is sufficient opportunity to litigate the issue. The decision to allow an implied pleading without providing the other party with an opportunity to meaningfully respond was an improper shortcut taken by the trial court.

As authority for the proposition that the statute of frauds may be applied on a motion for summary judgment even when not specifically pled, Shakstad cites *Rogoff v. San Juan Racing Association, Inc.,* 54 N.Y.2d 883, 444 N.Y.S.2d 911, 429 N.E.2d 418 (1981), *Frank v. Visockas*, 356 Mass. 227, 249 N.E.2d 1 (1969), and *M.C. Kiser Co. v. Rosenbloom,* 41 Ga.App. 183, 152 S.E. 273 (1930). These cases are not controlling here. The *Frank* case is factually distinguishable because Shakstad was well aware at all times that Schecher was not relying on any writing. *M.C. Kiser* and *Rogoff* could sustain a finding of implied consent to try the issue subject to Rule 15(b), but *Rogoff* does no more than come to the same conclusion as our South Dakota cases without the application of analytical tests.

The majority of other courts which have applied Rule 15(b) have done so in the context of a trial setting. In these cases, evidence presented at trial (usually without objection) provided the basis for a finding of implied consent. Thereafter, the party seeking to add a defense has been given leave to amend the pleadings to conform to the proof.[4] In this case, no leave to amend

---

2. It is clear that no express consent was given. Appendix A of appellant's brief—appellant's response brief (filed in response to Shakstad's October 31st letter to the trial court)—shows that Schecher resisted the inclusion of this issue, *both* procedurally and substantively.

3. Schecher argued that the statute of frauds was not applicable because the contract was for one year; no arguments were presented as to reasons why the defense should be barred other than that procedurally Shakstad could not assert the defense.

4. *See Lomartira v. American Automobile Insurance Co.,* 371 F.2d 550, 553 (2d Cir.1967); *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449 (10th Cir.1982); *Strothman v. Gefreh,* 808 F.2d 1399 (10th Cir.1987); and *Domar Ocean Transportation, Ltd. v. Independent Refining Co.,* 783 F.2d 1185 (5th Cir.1986).

was ever requested or granted, and no trial ever occurred.

The tests enunciated in *Osterling, supra,* are controlling on the question of whether the party resisting the insertion of a new claim or defense has impliedly consented to the adjudication of this new claim or defense. In applying the *Osterling* tests to motions for summary judgment, the record should clearly establish that the tests have been met. The policy of liberal amendment of pleadings, embodied in the rules of civil procedure should not become a vehicle for depriving a claimant of his right to have his claim heard fairly. Nor should it deprive a defendant from asserting his counterclaim.

---

In *Deitz v. Bowman,* 403 F.Supp. 1111, 1113 (D.S.D.1975), cited by this court in *Barringer, supra,* the court balanced the facts that the issue had been raised in the answer (although by reference to a different statute), the issue had been discussed at the pretrial conference, and the plaintiffs had submitted a brief on the issue, against the facts that the defendants had not submitted a brief on the issue and that nothing in the record indicated that defendants had "gone to the trouble of formally raising the issue." *Id.* The court concluded that the issue was before the court under Rule 15(b).

The facts in this case do not clearly show that Schecher had a fair opportunity to respond to Shakstad's implied attempt to amend its pleadings prior to trial. Therefore, it is not necessary to consider Schecher's other claims. Accordingly, we reverse both of the summary judgments and remand to the trial court.

All the Justices concur.

Similarly, in *State Distributors, Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405 (10th Cir. 1984), the court held that the plaintiff was prepared to meet the contested issues where the pretrial order identified the issues as contested, the plaintiffs had made no objection to the new defense, and the order stated that both parties had been given the opportunity to correct or modify the order prior to execution. *Id.* at 410, 411.