MEIERHENRY, Justice
(concurring in part and dissenting in part).
[¶ 20.] I would not remand this case. Based on the evidence presented, the circuit court did not err when it ruled in favor of the plaintiff for the entire claim. The majority opinion acknowledges that Schmidt’s defense was laden with irrelevancies and a “perplexing array of contentions.” supra ¶ 9.
[¶ 21.] We should not endeavor to supplement the record or retry the case for the defendant on appeal. To do so is unfair to the plaintiff who had no chance to address the evidence or legal authority on which the majority opinion is based. Additionally, we should not fault the circuit court for failing to spot a valid defense from an incomplete and perplexing record; or from bizarre and illegitimate legal arguments. I would affirm on all issues.
ZINTER, Justice
(concurring in part and dissenting in part).
[¶22.] I join the writing of Justice Meierhenry because despite the circuit court’s extraordinary offers to allow Schmidt to raise and argue any issues he desired to resist summary judgment, Schmidt failed to pursue the issue remanded by this Court. Under well-established law, Schmidt is precluded from pursuing an issue he never raised.
[¶ 23.] At the summary judgment hearing, the circuit court went well beyond normal procedural practice to ensure that Schmidt was fully and fairly afforded his day in court. The circuit court painstakingly advised Schmidt of the nature of the proceeding, the procedural requirements of summary judgment, and the danger of *835 not having an attorney. Thereafter, counsel for Citibank raised the fact that Schmidt disputed the credit card charges, but argued that Schmidt lost that right because, pursuant to the credit card agreement, the charges must have been made in his home state or within 100 miles of his current address. The circuit court then explained to Schmidt the consequences of failing to present affidavits raising an issue of fact about this dispute. The court even gave Schmidt an additional opportunity to present “whatever you want [to] me,” whether in proper form or not, stating, “[t]ake your time and gather everything that you want me to consider [in resisting the motion] and give it to me.” Following the submission of five such documents,[4] Schmidt’s sole argument involved the matter of arbitration. Following the arbitration discussion, the court asked Schmidt, “[w]hat else did you want to tell me[?]” Schmidt responded: “Nothing, Your Hon- or. That’s it.” The court then gave each party ten additional days to submit further affidavits. The court indicated it was affording this extraordinary opportunity to make sure everyone had a “fair chance to see everything that I have in front of [me] and present anything else.”
[¶ 24.] Thereafter, Schmidt submitted an affidavit. Although that affidavit mentioned the home state/100 mile limitation, it did not identify authorities or make arguments suggesting that South Dakota was the home state or that the limitation had any application in this case. Instead, Schmidt only argued that such limitations do “not give fair protection to the credit cardholder, when cheated by a merchant.” Nevertheless, the Court suggests that the burden of proof on the home state/100 mile limitation was on Citibank, and that Schmidt should have had the “benefit of any doubt” concerning the existence of any disputed fact on that issue. Supra ¶ 14. “[T]hose resisting summary judgment must [, however,] show that they will be able to place sufficient evidence in the record at trial to support findings on all the elements on which they have the burden of proof.” Bordeaux v. Shannon County Schools, 2005 SD 117, ¶ 14, 707 N.W.2d 123, 127 (quoting Chem-Age Indus., Inc. v. Glover, 2002 SD 122, ¶ 18, 652 N.W.2d 756, 765 (citation omitted)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986) (stating that entry of summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial). And in this case, Schmidt had the burden of proof on this exception to liability because it was an affirmative defense. See SDCL 15-6-8(c) (providing that affirmative defenses include any “matter constituting an avoidance or affirmative defense”). Therefore, Citibank did not have the summary judgment burden on the home state limitation defense.
[¶ 25.] It is undisputed that Schmidt entered into a credit card agreement with Citibank and used the credit card to make purchases. Additionally, the Court concedes that when Citibank brought its motion for summary judgment, it submitted an affidavit and documentary evidence that Schmidt failed to make payment on those charges. Supra ¶ 13. Therefore, Citibank met its summary judgment burden. Schmidt, however, introduced no evidence creating an issue of fact on his affirmative *836 defense. Consequently, summary judgment against Schmidt was mandated. Cel-otex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.
[¶26.] Although Schmidt was free to act as his own lawyer, “[h]e may not [now] capitalize on his unfamiliarity with law; he is bound by the same rules of evidence and procedure as is required by those who are duly licensed to practice law.” Farmers Co-op. Elevator Co. of Revillo v. Johnson, 90 S.D. 36, 42, 237 N.W.2d 671, 674 (1976). Having chosen to act as his own lawyer, “he is bound to the consequences of his course of action.” Id.

. The court described the documents as: a letter, a July 14, 2004 contract with Winston Rarities Ltd., and documents relating to the "arbitration.” Although they were not procedurally proper submissions in opposition to a motion for summary judgment, the court informed Schmidt that it would nonetheless consider them.