Fredrick B. STROTHMAN,
Plaintiff-Appellant,

v.

Adam GEFREH, Richard Paynter, Arthur Bleecher, Carl Panzarella, Marvin Harmatz, Jack Bunten, John Wilcox, Defendants-Appellees.

No. 85–1938.

United States Court of Appeals,
Tenth Circuit.

Jan. 12, 1987.

David S. Yost of Denver, Colo., for plaintiff-appellant.

Robert N. Miller, U.S. Atty., Nancy E. Rice, Asst. U.S. Atty., and Janis E. Chap-

man, Asst. U.S. Atty., Denver, Colo., for defendants-appellees.

Before HOLLOWAY, Chief Judge, SEYMOUR, and BALDOCK, Circuit Judges.

SEYMOUR, Circuit Judge.

Frederick Strothman appeals the district court's order granting summary judgment to defendants. In Strothman's previous appeal of this case, we held that defendants were entitled to official immunity from Strothman's allegation of defamation. *Strothman v. Gefreh*, 739 F.2d 515 (10th Cir.1984). Upon remand for further consideration of the remaining claims, the district court concluded, after additional discovery, that defendants are also absolutely immune with respect to Strothman's allegations that defendants conspired to remove him from office and engaged in extreme and outrageous conduct, 603 F.Supp. 256. Viewing the evidence in a light most favorable to Strothman, *see Lindley v. Amoco Prod. Co.*, 639 F.2d 671, 672 (10th Cir. 1981), we affirm.

■ As a threshhold matter, Strothman contends that defendants waived the immunity defense by not specifically pleading it in their answer. Strothman's contention comes far too late to avoid a decision on the immunity issue. In the lower court proceedings and the first appeal of this case, Strothman opposed defendants' immunity claim on the merits, without ever objecting on the basis of a waiver. Not until late in the proceedings on remand did he contend that defendants' waived their immunity defense. Moreover, after our disposition of the first appeal, Strothman can hardly claim prejudice, since he was clearly on notice of this defense. Under the circumstances, we conclude that the immunity issue is properly before us. *See Jones v. Miles*, 656 F.2d 103, 107 n. 7 (5th Cir.1981); *Hayes v. Philadelphia Transp. Co.*, 312 F.2d 522, 523 (3d Cir.1963) (contention that defendants failed to properly raise defense came too late to avoid a decision on the merits on the basis of technicalities).

■ Strothman also argues that summary judgment was improper because defendants' motion was not properly supported under Fed.R.Civ.P. 56(e), the burden of presenting evidence was in effect improperly placed upon him, and the court improperly gave evidentiary significance to statements made by defendants' counsel. The district court, however, recognized the problem of relying on defendants' counsel's statements, reopened the case, and fully reviewed the evidence and record, before reaffirming its order granting summary judgment. In addition, it is clear that in supporting a motion for summary judgment, a defendant need not affirmatively negate a plaintiff's factual allegations if, taken as true, those allegations are insufficient to withstand a motion for summary judgment. *See Celotex Corp. v. Catrett*, — U.S. —, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In any case, we think that the district court's reconsideration of the matter cured any technical defects that may have existed when its initial order was entered.

Addressing the merits of the immunity defense, Strothman contends that although defendants' written complaints may be immune with respect to the defamation claim, the same and similar complaints, statements, and letters are not protected with respect to his claims of conspiracy and extreme and outrageous conduct. He also asserts that because these actions were taken in pursuance of an alleged agreement or "conspiracy", they are not immune. We disagree.

■ First, although Strothman contends that defendants' actions went "far beyond" the complaints that formed the basis for his defamation claims, he failed to allege any *specific* acts that are of a *different nature* than those already held to fall within the scope of official immunity. Characterizing defendants' conduct as "conspiratorial" and "extreme and outrageous," without identifying conduct *other than* criticisms made in office memoranda, statements made to other agency personnel, and letters and visits to Members of Congress

regarding Strothman's performance, was insufficient to withstand the motion for summary judgment. Nor does alleging that defendants wrongfully "agreed" to engage in such otherwise immune conduct remove it from the protection of immunity. In essence, Strothman's characterization of defendants' conduct merely restates his contention that defendants acted wrongfully and maliciously. It is clear, however, that allegations of malice will not remove actions from the "scope of employment" nor defeat immunity. *See Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) (malice alleged); *Spalding v. Vilas*, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896) (same).

After reviewing the record, including the depositions and discovery material purporting to support Strothman's remaining claims, we conclude that the district court properly applied our analysis in *Strothman*, 739 F.2d 515, and correctly ordered summary judgment for defendants.

AFFIRMED.